**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

JAMES L. HARBOUR, Plaintiff,

v.

JOHN THOMAS PETERS, Defendant.

**CIVIL ACTION**

No. 05-1252-MLB

**MEMORANDUM AND ORDER**

This case previously was before the court on defendant's motion to dismiss for insufficiency of service of process. (Doc. 26.) The court denied the motion and, applying Fed. R. Civ. P. 4(m), gave plaintiff an extension of 90 days to perfect service on defendant. (Doc. 32 at 11.) Defendant was served in person at his residence in Winchester, KS, on February 12, 2006. (Doc. 33 at 2.) Defendant then filed the present motion to dismiss claiming the statute of limitations expired before proper service was made. (Doc. 35 at 3.) In order to better respond to defendant's motion, plaintiff asked for and received an order to depose defendant. (Doc. 42 at 2.) Defendant was deposed on April 26, 2006. (Doc. 45, exh. G at 1.) Because plaintiff attached documents, affidavits, and portions of defendants' deposition to his response, the court notified the parties that it intended to convert the motion to one for summary judgment. (Doc. 47.) Defendant's converted motion is GRANTED for reasons set forth herein.

**I. UPDATED FACTS AND PROCEDURAL HISTORY**

This case arises from an automobile collision that occurred in

Sumner County, Kansas, on May 27, 2003. Plaintiff alleges that he suffered injuries from the accident, which were caused by defendant's negligence in operating his vehicle. (Doc. 23.) The case was originally filed on May 12, 2005, in federal court in the Eastern District of Arkansas, almost two years after the collision. On May 23, 2005, plaintiff attempted to serve defendant by certified mail at 1207 North Blaine, Wellington, Kansas 67152. That effort was apparently unsuccessful. The next day, May 24, plaintiff sent a copy of the summons and complaint to the Sumner County Sheriff's Department for service at the Blaine Street address. That process was returned to plaintiff unexecuted, with a note stating that defendant had "moved - Winchester, Kansas Jefferson County." (Doc. 30 at 3.) Armed with this new information, on June 7, plaintiff sent process papers to the Jefferson County Sheriff's Department. However, deputies were unable to effect service, and one deputy reported that defendant was thought to be residing in Sumner County.

On June 14, 2005, plaintiff attempted to serve defendant by certified mail at another Sumner County address, 416 Walnut Street, South Haven, Kansas (South Haven address or South Haven residence). Delivery was attempted on June 18. The mail carrier provided the papers to Connie Greenwood at the South Haven address. Greenwood is defendant's mother. Greenwood tried to decline the documents, informing the postman that defendant did not reside at that address. The postman urged Greenwood to sign anyway, which she did. On July 13, 2005, plaintiff filed an affidavit of service in the district court in Arkansas based upon Greenwood's signature on the return receipt. (Docs. 26 exh. B; 30 at 4.)

On that same date, plaintiff's counsel received correspondence from an attorney who had been retained by defendant's auto insurance carrier. Within a few days, plaintiff's counsel was also contacted by a claim's agent with defendant's insurance carrier, who called to inquire about the details of the collision. (Doc. 30 at 3.)

On July 18, 2005, defendant filed in Arkansas federal court a motion to dismiss for failure to effect proper service. (Docs. 3; 4; 26 at 2.) The district court found that it had subject matter jurisdiction to hear the case, but that venue was improper in Arkansas. (Doc. 7.) Accordingly, the district court in Arkansas ordered the case transferred to this district, after which the case was assigned to this court. After the case was transferred, plaintiff was twice given leave to amend and serve his complaint. (Docs. 10; 21.) The last of these orders gave plaintiff until September 26, 2005 to serve defendant with the amended complaint. On October 5, 2005, plaintiff filed a notice stating that he had completed service by publication in a newspaper published in Sumner County, Kansas. (Doc. 25.)

During the summer of 2005, plaintiff hired a private investigator to locate, and possibly serve, defendant. The investigator discovered that, as of August 15, 2005, the South Haven residence had been vacated, and that neither defendant nor Greenwood could be located. The investigator did locate two of defendant's brothers in nearby Arkansas City, Kansas. However, they claimed that they did not know where defendant was living. Although not determinative, the investigator stated that he felt defendant's brothers were being deceptive. (Doc. 30 at 6; exh. C.)

Defendant testified that he learned about the suit in July 2005 from his brothers. Defendant then called his insurance company. Defendant had moved to Jefferson County, Kansas, in March 2005 to live with his father and was still living in Jefferson County on June 18, 2005, when suit papers were delivered by mail to his mother in South Haven, Kansas. (Doc. 45, exh. G at 7.)

## II. MOTION FOR SUMMARY JUDGMENT

The parties are familiar with the standards pertaining to summary judgment. There are no facts in dispute and neither party has objected to resolution by way of summary judgment.

## III. ANALYSIS

Defendant asserts that he was not validly served until February 12, 2006, well beyond the running of the two-year statute of limitations. Plaintiff seeks to avoid the statute of limitations by reliance on K.S.A. 60-203(b), which provides

> If service of process or first publication purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.

The court mentioned § 203(b) in its previous order but did not apply it because a statute of limitations defense was not then before the court. (Doc. 32 at 8-9.) Instead, the court viewed the issue as one of timeliness: whether the case should be dismissed for failure to timely effect service and, more specifically, whether plaintiff's

attempt at service by certified mail on defendant's mother's address was sufficient. The court concluded that plaintiff failed to serve defendant by certified mail. Nonetheless, based on facts then before it, the court found there was "...nevertheless a strong suggestion that..." defendant had absconded or attempted to avoid service. Id. at 9-11. Albeit with reluctance, the court gave plaintiff additional time to effect service by applying the provision of Fed. R. Civ. P. 4(m). Based on the record now before the court, it does not appear that defendant either absconded or attempted to avoid service.

Kansas courts have outlined a test to determine whether an attempt at service falls under § 203(b). Grimmett v. Burke, 21 Kan. App. 2d 638, 906 P.2d 156, 164 (1995). A plaintiff must be able to prove that (1) the defendant had actual notice of the lawsuit and (2) that service was "purported to be made". Id. As to whether the defendant had actual notice of the lawsuit, plaintiff has offered evidence that defendant had actual notice. (Doc. 45, exh. G at 5.) But this is not enough. Plaintiff must still be able to show that he purported to make service on defendant.

In order to prove that service was "purported to be made", Grimmett provided the following three factors:

> (1) The original service must have "appeared" to be valid and the returns by the sheriff's office or other process servers must indicate that the service was valid. (2) The record should show that the plaintiff believed in good faith that his or her service was valid and relied on that validity to his or her detriment. (3) The plaintiff had no reason to believe the defendant was contesting service until after the statute of limitations had run, but had no opportunity to take steps to correct the defective service.

Grimmett, 906 P.2d at 164.

It is clear that plaintiff fails the Grimmett test. Turning to the first element, for service to "appear" valid it must be valid when viewing what the process server returns to plaintiff. Grimmett, 906 P.2d at 164. In this case, plaintiff attempted to serve defendant by certified mail at the South Haven address. (Doc. 45 at 2.) The return receipt said the letter was signed for by Connie Greenwood. (Doc. 45 at 2.) Plaintiff did not know who Connie Greenwood was when the return receipt was delivered. Plaintiff did not learn that Connie Greenwood was defendant's mother until defendant's deposition was taken on April 26, 2006. (Doc. 45, exh. G at 6.) Plaintiff did not request additional information about the South Haven address until November 2, 2005. (Doc. 30, exh. F at 1.) The postmaster returned the request with information that defendant had moved and had left no forwarding address. (Doc. 30, exh. F at 2.) While it is unknown whether the postmaster had this information on June 18, 2005, when service was attempted in South Haven, what is clear is that defendant was not living there at that time. Defendant testified that he hadn't been living with his mother since March 2005. (Doc. 45, exh. G at 7.) His testimony is not disputed. Based on these undisputed facts, the service attempted on June 18, 2005, could not have appeared to be valid.

Moving to the second element, plaintiff has failed to show that he relied in good faith on a belief that the June 18 service was valid. The record shows that plaintiff continued to try to serve the defendant after June 18, 2005. (Doc. 13 at 2.) Plaintiff not only continued to attempt service, but received extensions from this court

to do so. (Doc. 13 at 1.) By continuing his attempts to serve defendant, plaintiff demonstrated that he was not relying to his detriment on a belief that the June 18 service was valid.

Finally, as to the third element, defendant contested the validity of service of process in a motion filed on August 5, 2005. (Doc. 4 at 2.) The statute of limitations had not run at this time.

Based on plaintiff's inability to prove that service was "purported to be made", he cannot meet the Grimmett test and this court declines to apply K.S.A. 60-203(b).

In the alternative, plaintiff contends that his attempt at service on June 18 falls within the scope of K.S.A. 60-204, which provides:

> In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected.

When applying K.S.A. 60-204, a plaintiff must prove that he substantially complied with a method of service, that defendant had actual notice of the proceedings, and this notice came directly from plaintiff's efforts. See Burnham, 403 F.3d at 715-16.

Kansas courts have outlined what constitutes substantial compliance under the statute. See Brisco v. Getto, 204 Kan. 254, 257, 462 P.2d 127, 129 (1969). In Brisco, the court ruled that the plaintiff could not prove substantial compliance when he sent the summons and complaint by certified mail to defendant's office which was then signed for by his secretary. Id. In Pedi Bares, Inc. v. P

& C Food Markets, Inc., 567 F.2d 933, 936 (10th Cir. 1977), the court ruled that substantial compliance was met when the only irregularity was that the plaintiff did not file an affidavit of service with the court. Id. The Kansas Supreme Court has noted that the statutory provision at issue was only meant to cure omissions or irregularities, not glaring errors in service of process. Brisco, 204 Kan. at 257.

In this case, there was no minor irregularity or omission. Plaintiff attempted to serve the defendant at a place where the defendant had not been living for months to a woman whom plaintiff did not know. These facts do not amount to substantial compliance for the purposes of K.S.A. 60-204; moreover, this court has already ruled that the plaintiff cannot show substantial compliance. (Doc. 32 at 8.) The court declines to apply K.S.A. 60-204 to this case for these reasons.

Finally, plaintiff argues that the court should allow the statute of limitations to toll since it gave him an extension of time to serve defendant. In giving plaintiff an extension of time to serve the defendant, the court merely gave plaintiff the opportunity to avoid having the case dismissed for insufficiency of service of process. As previously noted, this opportunity was given with reluctance, based on a scenario which was not borne out. Nothing in the court's prior ruling precluded defendant from pursuing dismissal based on statute of limitations grounds; on the contrary, the court specifically declined to reach that issue.

Because plaintiff did not perfect service of process on defendant prior to expiration of the statute of limitations, defendant's converted motion for summary judgment is granted.

IV. CONCLUSION

Defendant's motion for summary judgment (Doc. 26.) is granted.

A motion for reconsideration of this order under Local Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this 11th day of July 2006, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE